# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### SHREVEPORT DIVISION

| | |
|---|---|
| **EDWARD WELLS** | **CIVIL ACTION NO. 18-0553** |
| | **SECTION P** |
| **VS.** | |
| | **JUDGE ELIZABETH E. FOOTE** |
| **LONNIE NAIL** | **MAG. JUDGE KAREN L. HAYES** |

## REPORT AND RECOMMENDATION

Plaintiff Edward Wells, an inmate at David Wade Correctional Center proceeding pro se and in forma pauperis, filed the instant Complaint on April 20, 2018, under 42 U.S.C. § 1983. He names Lonnie Nail as Defendant.[1]  For the following reasons, it is recommended that Plaintiff's Complaint be **DISMISSED WITH PREJUDICE**.

### Background

Plaintiff alleges that, on the day he arrived at David Wade Correctional Center, Defendant, a much larger man, battered him and repeatedly sprayed him with mace.  Two disciplinary reports that Plaintiff attaches to his Amended Complaint reveal that the incident occurred on August 29, 2016.  [doc. # 9-1].

Defendant allegedly slammed Plaintiff against a wall, which snapped his neck and caused severe pain, damage to both his nerves and vertebrae, loss of sleep, and loss of feeling in his hands.  During the attack, Plaintiff wore handcuffs, leg shackles, and a "black box" attached to a "belly chain," posing "no danger or threat" to Defendant.  He claims that, instead of using excessive force, Defendant could have utilized his radio, his beeper, or other security personnel.

---

[1] This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of the Court.

Plaintiff seeks $25,000.00 in compensatory damages and $25,000.00 in punitive damages.

## Law and Analysis

### 1. Preliminary Screening

Plaintiff is an inmate who has been permitted to proceed in forma pauperis. As an inmate seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A.[2] *See Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir.1998) (*per curiam*). Because he is proceeding in forma pauperis, his Complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2) (B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. Courts are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Id.*

A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Likewise, a

---

[2] Under 28 U.S.C. § 1915(h), "'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."

2

complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998).

A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Ashcroft*, 556 U.S. at 662; *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir. 1995). Nevertheless, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

A hearing need not be conducted for every pro se complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

## 2. Statute of Limitations

Two disciplinary reports that Plaintiff attaches to his Amended Complaint reveal that the alleged excessive force occurred on August 29, 2016. [doc. # 9-1]. District courts are authorized to dismiss a claim as frivolous if "it is clear from the face of a complaint filed *in forma pauperis* that the claims asserted are barred by the applicable statute of limitations." *Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994); *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993). A district court may raise the limitation period sua sponte. See *Harris v. Hegmann*, 198 F.3d 153 (5th Cir. 1999).

The statute of limitations for a Section 1983 action is the same as the statute of limitations in a personal injury action in the state in which the claim accrues. *Wilson v. Garcia*, 471 U.S. 261, 279-80 (1984). Thus, Louisiana's one-year personal injury statute of limitations, under LA. CIV. CODE art 3492, applies here. *Lavellee v. Listi*, 611 F.2d 1129 (5th Cir. 1980).

However, the date of accrual for a Section 1983 claim is a question of federal law. *Piotrowski v. City of Houston*, 51 F.3d 512 (5th Cir. 1995); *Longoria v. City of Bay City*, 779 F.2d 1136 (5th Cir. 1986). "Under federal law, the limitations period commences when the aggrieved party has either knowledge of the violation or notice of facts which, in the exercise of due diligence, would have led to actual knowledge thereof." *Piotrowski*, 51 F.3d at 516 (quoting *Vigman v. Community National Bank and Trust Co.*, 635 F.2d 455, 459 (5th Cir. 1981)).

Here, Plaintiff's claim accrued on August 29, 2016, the day of the alleged excessive force.[3] Plaintiff, therefore, had one year from that date, or until August 29, 2017, to file his claim. As Plaintiff did not file his claim until April 20, 2018, the claim is, on its face, subject to dismissal.

The limitations period is, however, subject to equitable tolling in certain circumstances. Under LA. REV. STAT. § 15:1172(E),[4] "Liberative prescription for any delictual action for injury or damages arising out of the claims asserted by a prisoner in any complaint or grievance in the administrative remedy procedure shall be suspended upon the filing of such complaint or

---

[3] See *Morrill v. City of Denton, Texas*, 693 F. App'x 304, 307 (5th Cir. 2017) (holding that the constitutional injury was complete on the day the alleged excessive force took place); *Armstrong v. Serpas*, 670 F. App'x 851, 852 (5th Cir. 2016).

[4] See *Davis v. Young*, 624 F. App'x 203, 207 (5th Cir. 2015) (noting that the forum state's tolling law applies).

4

grievance and shall continue to be suspended until the final agency decision is delivered." "[I]f prescription is suspended, the period of suspension is not counted toward the accrual of prescription but the time that has previously run is counted." *Adams v. Stalder*, 934 So. 2d 722, 725 (La. Ct. App. 2006).[5]

Here, Plaintiff first filed an administrative remedy grievance on September 23, 2016, twenty-five (25) days after the alleged excessive force occurred. [doc. # 1-2, p. 1]. The request was denied on November 7, 2016. *Id.* at 2. Plaintiff filed a second-step grievance on November 8, 2016. *Id.* The second-step grievance was denied on January 26, 2017. *Id.* at 3. Under 22 La. Admin. Code Pt I, 325, "If an offender is not satisfied with the second step response, he may file suit in district court." See *Harris*, 198 F.3d at 158 (citing La. Civ. Code art. 3472 and observing, "Once a plaintiff becomes legally capable of bringing an action to vindicate or enforce his rights, prescription resumes.").[6]

In this case, 25 days elapsed, after the alleged date of excessive force, before Plaintiff filed the first grievance and tolled the statute of limitations. Then, 449 days elapsed, after his second-step grievance was denied on January 26, 2017, before he filed the instant Complaint on April 20, 2018.[7] Accordingly, as a total of 474 days elapsed untolled before Plaintiff initiated

---

[5] See *Harris v. Hegmann*, 198 F.3d 153, 158 (5th Cir. 1999) (holding that the prescriptive period is tolled while an inmate pursues his administrative remedies); *Edwards v. Miller*, 385 F. App'x 405, 406 (5th Cir. 2010) (observing that the statute of limitations is tolled while grievance proceedings are pending).

[6] Plaintiff states that there are only two steps to the grievance procedure and that he filed grievances under both steps. [doc. # 1, p. 2].

[7] See *Anderson v. Livingston*, 394 F. App'x 132, 133 (5th Cir. 2010) (finding a claim untimely where the plaintiff did not sign his complaint within the prescriptive period, following the date of the plaintiff's final grievance was denied).

this proceeding, Plaintiff's excessive force claim should be dismissed as frivolous.[8]  See *Spurlock v. Jones*, 709 F. App'x 293 (5th Cir. 2018) (affirming a holding that a federal prisoner's suit was untimely on its face and that, even though the prisoner pursued administrative remedies, the suit was still untimely because the prisoner's claims were exhausted at the highest level of administrative review, under federal regulations, more than one year before he filed suit).

### Recommendation

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff Edward Wells' Complaint be **DISMISSED WITH PREJUDICE** as frivolous.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).**

---

[8]  Plaintiff filed a second first-step grievance on April 24, 2017, but it concerned an alleged denial of medical care.  In that respect, the limitations period is not tolled when a plaintiff seeks "administrative review of the circumstances surrounding . . . an issue wholly distinct from" the claim he raises in court.  *Price v. Stalder*, 273 F.3d 1100 (5th Cir. 2001).

In Chambers, Monroe, Louisiana, this 7th  day of August, 2018.

KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE